NANCY HERSH, ESQ., State Bar No. 49091
BETHANY CARACUZZO, ESQ., State Bar No. 190687
CYNTHIA L. BROWN, ESQ., State Bar No. 248846
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
(415) 441-5544

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZ WILKINS and THERESA HOLLIS, | CASE NO.: CV 08 0767 |
| Plaintiffs | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL |
| v. | 42 USC §1983 (CIVIL RIGHTS); ASSAULT AND BATTERY; FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE; CALIFORNIA CIVIL CODE §51.7; CIVIL CODE §52.1; *RESPONDEAT SUPERIOR*; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| COUNTY OF ALAMEDA; LAWRENCE MOSER; JAMES POWELL; T. ELLIOT; and E. MARAPAO, | |
| Defendants | |

### DEMAND FOR JURY TRIAL

1.

Plaintiffs herewith request a trial by jury as to all issues to all material fact.

///

///

///

///

- 1 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

## INTRODUCTION

2.

This is an action for damages for personal injuries, emotional distress, and infringement of Fourth Amendment and other Constitutional and common law rights suffered by Plaintiff.

## JURISDICTION AND VENUE

3.

This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331, 1343, and 1367. The unlawful acts and practices alleged occurred in the County of Alameda, which is within this judicial district.

## PARTIES

4.

Plaintiff FRITZ WILKINS is, and at all times mentioned herein has been, a citizen of the United States and a resident of the State of California. Plaintiff Wilkins is a 53-year-old African American who emigrated to the United States from Jamaica, his national origin. He has strong family ties here in the San Francisco Bay Area, living with his wife there since 1989. He is a soft-spoken albino man with who suffers from Diabetes Mellitus Type II.

5.

Plaintiff THERESA HOLLIS is a citizen of the United States and a resident of the State of California. She and Plaintiff Wilkins were married and they were cohabitating at all relevant times.

///

- 2 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

6.

Defendant Alameda County ("COUNTY") is a county within the State of California.

7.

At all times mentioned herein, Alameda County Deputy T. ELLIOT was employed as a Deputy Sheriff for the County of Alameda. Defendant ELLIOT is sued individually and in his capacity as an employee as Deputy Sheriff for Defendant COUNTY. Defendant ELLIOT acted under color of law and in the course and scope of his employment for Defendant COUNTY.

8.

At all times mentioned herein, Alameda County Deputy LAWRENCE MOSER was employed as a Deputy Sheriff for the County of Alameda. Defendant MOSER is sued individually and in his capacity as an employee as Deputy Sheriff for Defendant COUNTY. Defendant MOSER acted under color of law and in the course and scope of his employment for Defendant COUNTY.

9.

At all times mentioned herein, Alameda County Deputy E. MARAPAO was employed as a Deputy Sheriff for the County of Alameda. Defendant MARAPAO is sued individually and in his capacity as an employee as Deputy Sheriff for Defendant COUNTY. Defendant MARAPAO acted under color of law and in the course and scope of his employment for Defendant COUNTY.

10.

At all times mentioned herein, Alameda County Deputy JAMES POWELL was employed as a Deputy Sheriff for the County of Alameda. Defendant POWELL is sued individually and in his capacity as an employee as Deputy Sheriff for Defendant COUNTY.

- 3 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

Defendant POWELL acted under color of law and in the course and scope of his employment for Defendant COUNTY.

11.

Plaintiffs do not know the true names of the Defendants sued herein as DOES ONE through TWENTY, inclusive. Plaintiffs allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiffs as herein alleged.

12.

At all times herein mentioned, each of the Defendants was the agent and employee of every other Defendant in doing the acts herein alleged, and was, at all times, acting within the purpose and scope of said agency and employment and all of said acts and conduct were ratified and approved by said Defendants.

13.

Defendants COUNTY, ELLIOT, MOSER, MARAPAO, POWELL and DOES ONE through TWENTY will hereafter be referred to as "Defendants".

## STATEMENT OF FACTS

14.

On or about June 5, 2007, Plaintiff WILKINS drove to the Oakland International Airport to pick up his wife, Plaintiff HOLLIS, as she returned from a family trip. She called Plaintiff WILKINS at 12:45 after she had picked up her luggage. At that time, Plaintiff WILKINS drove to the curbside area of Terminal Two to pick up HOLLIS. He could see her approaching his vehicle, a grey Toyota 4Runner.

15.

Immediately upon pulling over to the curbside area of the Terminal Two loading

- 4 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

zone to pick up his wife, a female officer told WILKINS to move along. He explained to the officer that gas was so expensive, he didn't want to drive around again and pointed that was his wife, coming towards them for pick up. A male uniformed officer joined the female officer and aggressively told him to get moving or get a ticket. Not wanting to get a ticket, Plaintiff WILKINS drove around the terminal and came back to pick up HOLLIS.

16.

HOLLIS saw WILKINS pull up to the loading zone the second time. She observed 4-5 uniformed officers waiting for Plaintiff WILKINS. The officers immediately swarmed the vehicle. Using vulgar and offensive language the deputies loudly began yelling at Plaintiff WILKINS to exit the car. One deputy reached through the open window and grabbed at his collar, another deputy pulled violently on his left wrist through the open window. Both officers were yelling obscenities and trying to remove WILKINS from the truck, even though the door was closed and the truck still in moving operation. While the deputies were pulling at his neck and wrist, WILKINS, was trying, with his right hand, to put the moving vehicle in park and set the brake to avoid hitting the car parked to his front.

17.

The deputies, all Caucasian, opened the door and pulled WILKINS violently from the vehicle. The deputies twisted WILKINS' arms behind him, forcefully threw him face first against his truck and then handcuffed WILKINS behind his back. Plaintiff HOLLIS watched as one of the officers kicked WILKINS in the shins and legs after he was cuffed. Another officer came running up shouting "What did he do?"

18.

Plaintiff WILKINS was placed, bleeding, in handcuffs, in the back of a Deputy Elliot's patrol car. An ambulance was called to attend to WILKINS' wounds inflicted by

- 5 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

the Deputies. After the ambulance arrived the deputies walked away and no deputies ever spoke to the Plaintiffs again. Plaintiff HOLLIS retrieved their truck, keys still in the ignition, at the curb in front of Terminal Two where the attack occurred. She took Plaintiff WILKINS to the hospital for emergent treatment.

19.

Plaintiff WILKINS was never asked at any time for any identification. His vehicle was never searched. Plaintiff WILKINS was never searched.

20.

As a result of Defendants' conduct, Plaintiff WILKINS suffered pain and physical injuries. The skin on his wrists was seriously torn and bleeding. He had multiple bruises from kicks to his shins and legs.

21.

As a further result of Defendants' conduct, Plaintiffs suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, and embarrassment. Plaintiff WILKINS suffered loss of his sense of security, dignity, and pride as an American citizen.

22.

As a result of Defendants' conduct, Plaintiff WILKINS has incurred medical expenses and lost time from his job.

23.

Plaintiff WILKINS was wrongfully detained, depriving him of his liberty in violation of the law. No charges were ever filed.

///

///

///

24.

Defendants' conduct was mean-spirited, malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Defendants, and each of them.

25.

Plaintiffs found it necessary to engage the services of private counsel to vindicate his rights under law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### 42 U.S.C. §1983

[By Plaintiff WILKINS Against All DEFENDANTS]

26.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of this Complaint.

27.

In doing the acts complained of, Defendants, and each of them, acted under color of law to deprive Plaintiff WILKINS of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment of the United States Constitution;

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

28.

As a result of Defendants' wrongful conduct, Plaintiff WILKINS suffered injuries and damages as set forth.

29.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SECOND CAUSE OF ACTION
### Assault and Battery

**[By Plaintiff WILKINS Against All DEFENDANTS]**

30.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 29 of this Complaint.

31.

Defendants, and each of them, placed Plaintiff WILKINS in immediate fear of death and severe bodily harm by attacking and battering him without just provocation or cause. Defendants committed assault and battery against Plaintiff WILKINS by violently pulling him out of his vehicle and forcefully slamming his body face first against his vehicle. Defendants' conduct was neither privileged nor justified under statute or common law.

- 8 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

32.

As a result of Defendants' wrongful conduct, Plaintiff WILKINS suffered injuries and damages as set forth.

33.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
### False Imprisonment

**[By Plaintiff WILKINS Against All DEFENDANTS]**

34.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 33 of this Complaint.

35.

Defendants, and each of them, intentionally deprived Plaintiff WILKINS of his freedom of movement by use of unlawfully and unreasonable force and implied and express threats of force to restrain, detain and confine Plaintiff. The restraint, detention or confinement compelled Plaintiff to go or stay somewhere for some appreciable time, and Plaintiff did not consent to such restraint, detention or confinement.

36.

The Defendant's intentional conduct in restraining, detaining or confining Plaintiff was a substantial factor in Plaintiff Wilkins suffering the injuries herein described.

37.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

[By Plaintiff WILKINS Against All DEFENDANTS]

38.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 37 of this Complaint.

39.

The conduct of Defendants, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants maliciously humiliated Plaintiff WILKINS, using vulgar and offensive language and gratuitous violence, handcuffing him and taking him into custody. Defendants deliberately injured Plaintiff and did the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

40.

As a result of Defendants' willful, intentional and malicious conduct, Plaintiff WILKINS suffered damages as set forth herein, including severe mental and emotional distress. Therefore, Plaintiff WILKINS is entitled to an award of punitive damages as against Defendants.

41.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

///

///

///

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION
### Negligence

**[By Plaintiff WILKINS Against All DEFENDANTS]**

42.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and each of them, and any and all allegations requesting punitive damages.

43.

At all times herein mentioned, Defendants, and each of them, were subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of their employment. The conduct of Defendants, and each of them, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, causing Plaintiff to suffer damages as set forth herein.

44.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION
### California Civil Code §51.7

**[By Plaintiff WILKINS Against All DEFENDANTS]**

45.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 44 of this Complaint.

///

///

46.

Defendants committed violent acts against Plaintiff WILKINS by violently pulling him out of his vehicle and forcefully slamming his body face first against his vehicle. Defendants' conduct as described herein violated California Civil Code §51.7 in that use of violence and arrest was motivated by Defendants' perception of Plaintiff WILKINS' race and color.

47.

Since the conduct of Defendant WILKINS occurred in the course and scope of his employment, Defendant COUNTY is liable to Plaintiff pursuant to *respondeat superior*.

48.

As a result of Defendants' violation of Civil Code §51.7, Plaintiff WILKINS suffered violation of his constitutional rights, injuries, and damages as set forth.

49.

Plaintiff is entitled to actual damages and damages and an award of reasonable attorneys' fees pursuant to Civil Code §52(b).

50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SEVENTH CAUSE OF ACTION
### California Civil Code §52.1

[By Plaintiff WILKINS Against All DEFENDANTS]

51.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 50 of this Complaint.

52.

The conduct of Defendants as described herein violated California Civil Code §52.1, in that he interfered with Plaintiff WILKINS' exercise and enjoyment of his civil rights, as enumerated above and including his right to be free from violence and the threat of violence, through use of wrongful force.

53.

Since the conduct of Defendants occurred in the course and scope of his employment, Defendant CITY is liable to Plaintiff pursuant to *respondeat superior*.

54.

As a result of Defendants' violation of Civil Code §52.1, Plaintiff WILKINS suffered violation of his constitutional rights, injuries, and damages as set forth.

55.

Plaintiff is entitled to actual damages and damages and an award of reasonable attorneys' fees pursuant to Civil Code §§52(b), 52.1(b), and 52.1(h) and injunctive relief.

56.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION
*Respondeat Superior*

**(By Plaintiff WILKINS Against Defendant COUNTY)**

57.

Plaintiff re-alleges and incorporates by reference herein Paragraphs 1 through 56 of this Complaint.

///

///

- 13 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

58.

Defendants committed the acts described above within the course and scope of his employment as police officer for Defendant COUNTY.

59.

Defendant COUNTY is therefore liable under all state causes of action herein for the injuries and damages suffered by Plaintiff WILKINS as set forth herein.

60.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## NINTH CLAIM FOR RELIEF
### Negligent Infliction Of Emotional Distress
**[By Plaintiff THERESA HOLLIS Against All DEFENDANTS]**

61.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-60, inclusive, of this Complaint.

62.

Defendants, and each of them, carelessly and negligently humiliated Plaintiff WILKINS, using vulgar and offensive language and gratuitous violence, handcuffing him and taking him into custody.

63.

Plaintiff HOLLIS was present at the scene when the injury to WILKINS occurred and was aware WILKINS was being injured by the defendants. Plaintiff HOLLIS was a witness to the offensive language and the assault on Plaintiff Wilkins, observing him being

dragged out of his car and forced face first on to his vehicle.

64.

Plaintiff HOLLIS suffered severe emotional trauma, physical consequences and long continued emotional disturbance.

65.

Defendants', and each of them, conduct was a substantial factor in causing Plaintiff HOLLIS' serious emotional distress.

66.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## CLAIM REQUIREMENT

67.

On October 5, 2007 Plaintiffs, and each of them, served a claim pursuant to FTCA. On October 17, 2007, Defendants rejected both claims.

## PRAYER

WHEREFORE, Plaintiff WILKINS prays for relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages against the individually named police officers according to proof;

4. Reasonable attorneys fees pursuant to 42 U.S.C.§1988;

5. An award of Exemplary damages or an award of a civil penalty in the amount of $25,000 for each violation pursuant to California Civil Code §§52 (b) and

- 15 -
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

52.1(b) and reasonable attorneys fees pursuant to California Civil Code §§52 (b) and 52.1(h).

  6. Costs of suit incurred herein; and,

  7. Such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff Hollis prays for relief as follows:

  1. General damages according to proof.

DATED: February 1, 2008.

          HERSH & HERSH
          A Professional Corporation

          By_____
           Bethany Caracuzzo
           Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
FRITZ WILKINS; THERESA HOLLIS

## DEFENDANTS
COUNTY OF ALAMEDA; LAWRENCE MOSER; JAMES POWELL; T. ELLIOT; E. MARAPAO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*E-filing*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Hersh & Hersh, 601 Van Ness Avenue, Suite 2080,
San Francisco, CA 94102; 415-441-5544

ATTORNEYS (IF KNOWN)
Nancy Hersh, SBN 49091; Bethany Caracuzzo, SBN 190687;
Cynthia L. Brown, SBN 248846

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | **PERSONAL PROPERTY** | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth in Lending | [ ]690 Other | | [ ]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ]810 Selective Service |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| | | | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]894 Energy Allocation Act |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | | [ ]870 Taxes (US Plaintiff or Defendant | [ ]895 Freedom of Information Act |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | | |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | [ ]950 Constitutionality of State Statutes |
| [ ]245 Tort Product Liability | [x]440 Other Civil Rights | [ ]550 Civil Rights | | | [ ]890 Other Statutory Actions |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for damages incurred as a result of violation of USC § 1983 and other rights infringed by defendants

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $_____ CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE February 1, 2008   SIGNATURE OF ATTORNEY OF RECORD

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

FRITZ WILKINS and THERESA HOLLIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **CV 08 0767 SI**

V.

COUNTY OF ALAMEDA; LAWRENCE MOSER; JAMES POWELL; T. ELLIOT; and E. MARAPAO

TO: (Name and address of defendant)

County of Alameda
c/o Clerk, Board of Supervisors
Crystal Hishida Graff
1221 Oak Street, Room 536
Oakland, CA 94612

*And the above named defendants*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Nancy Hersh
Bethany Caracuzzo
Cynthia L. Brown
Hersh & Hersh
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
(415) 441-5544

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

*[signature]*

(BY) DEPUTY CLERK

DATE **FEB - 1 2008**

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify)*:

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____           _____
                    Date                                              Signature of Server

                                                                            _____
                                                                            Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure