J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
CATHERINE E. WHEELER (SBN 244857)
cwheeler@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California 94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendants
COUNTY OF ALAMEDA, DEPUTY
LAWRENCE MOSER, SGT. JAMES POWELL,
DEPUTY THOMPSON ELLIOTT, III,
and DEPUTY ERICH MARAPAO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRITZ WILKINS and THERESA HOLLIS<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; LAWRENCE MOSER; JAMES POWELL; T. ELLIOT; and E. MARAPAO,<br><br>Defendants. | Case No.:  C 08-0767-SI<br><br>**DEFENDANTS COUNTY OF ALAMEDA, LAWRENCE MOSER, JAMES POWELL, T. ELLIOT, AND E. MARAPAO'S FIRST AMENDED ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL**<br><br>Judge:        The Honorable Susan Illston<br>Courtroom:  10<br>Trial Date:   None |

DEFENDANTS COUNTY OF ALAMEDA, DEPUTY LAWRENCE MOSER, individually and as an employee of the County of Alameda, SGT. JAMES POWELL, individually and as an employee of the County of Alameda, DEPUTY THOMPSON ELLIOTT, III, individually and as an employee of the County of Alameda, and DEPUTY ERICH MARAPAO, individually and as an employee of the County of Alameda (collectively, hereinafter "defendants") hereby answer the complaint of plaintiffs FRITZ WILKINS and THERESA HOLLIS (hereinafter, "plaintiffs") and demand for jury trial as follows:

1

## INTRODUCTION

1. In response to paragraph 2 of plaintiffs' complaint, defendants deny any and all allegations that plaintiffs have been injured.

## JURISDICTION AND VENUE

2. In response to paragraph 3 of plaintiffs' complaint, defendants admit the court has jurisdiction and venue is proper. However, certain causes of action may be dismissed, so as to cause the court to lose subject matter jurisdiction. Defendants reserve their rights to later contend the court has lost subject matter jurisdiction.

## PARTIES

3. In response to paragraphs 4 and 5 of plaintiffs' complaint, defendants lack sufficient information and belief to respond to the allegations, and on that basis deny each and every allegation. Discovery may permit defendants to eventually admit these allegations.

4. In response to paragraph 6 of plaintiffs' complaint, defendants admit that defendant the County of Alameda is a public entity that operates the Alameda County Sheriff's Department, and which is located within the State of California. Save as so admitted defendants deny each and every allegation.

5. In response to paragraphs 7 through 10 of plaintiffs' complaint, defendants admit that the individual defendants named herein, which include Deputy Lawrence Moser, Sergeant James Powell, Deputy Thompson Elliott, III, and Deputy Erich Marapao, are employees of the Alameda County Sheriff's Department, and that they have been sued individually and in their capacities as employees for defendant the County of Alameda. Save as so admitted defendants deny each and every allegation.

6. In response to paragraph 11 of plaintiffs' complaint, defendants lack sufficient information and belief to respond to the allegations, and on that basis deny each and every allegation.

7. In response to paragraph 12 of plaintiffs' complaint, lack sufficient information and belief to respond to the allegations, and on that basis deny each and every allegation.

///

///

## STATEMENT OF FACTS

8. In response to paragraph 14 of plaintiffs' complaint, defendants admit that plaintiff Fritz Wilkins was parked in a 2002 Toyota 4Runner in a no parking or waiting zone at the curbside of Terminal Two of the Oakland International Airport on or about June 5, 2007. Defendants lack sufficient information and belief to respond to the remaining allegations at this time, and on that basis deny each and every remaining allegation.

9. In response to paragraph 15 of plaintiffs' complaint, defendants lack sufficient information and belief to respond to the allegations, and on that basis deny each and every allegation. Discovery may permit defendants to eventually admit some of or all of these allegations.

10. In response to paragraphs 16 and 17 of plaintiffs' complaint, defendants deny each and every allegation.

11. In response to paragraph 18 of plaintiffs' complaint, defendants admit that plaintiff Fritz Wilkins was placed in handcuffs then walked to defendant Deputy T. Elliot's patrol vehicle and placed in the rear seat. Defendants admit plaintiff Wilkins was bleeding at the time he was sitting in the patrol car. Defendants admit an ambulance was called to attend to plaintiff Wilkins. Defendants lack sufficient information and belief to respond to the remaining allegations, and on that basis deny each and every remaining allegation. Save as so admitted defendants deny each and every allegation.

12. In response to paragraph 19 of plaintiffs' complaint, defendants lack sufficient information and belief to respond to the allegations, and on that basis deny each and every remaining allegation. Discovery may permit defendants to eventually admit some or all of these allegations.

13. In response to paragraphs 20 through 22 of plaintiffs' complaint, defendants deny each and every allegation.

14. In response to paragraph 23 of plaintiffs' complaint, defendants admit charges were not filed against plaintiff Fritz Wilkins for the subject incident. Save as so admitted defendants deny each and every allegation.

15. In response to paragraph 24 of plaintiffs' complaint, defendants deny each and every allegation.

16. In response to paragraph 25 of plaintiffs' complaint, defendants admit the plaintiffs currently have counsel in the present civil litigation. Save as so admitted defendants deny each and every allegation.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

17. In response to paragraph 26 to this complaint, defendants hereby incorporate their answers to paragraphs 1 through 25 as though fully stated herein.

18. In response to paragraph 27, including subparts (a) through (e), of plaintiffs' complaint, defendants deny each and every allegation.

19. In response to paragraph 28 of plaintiffs' complaint, defendants deny each and every allegation.

20. In response to paragraph 29 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## SECOND CAUSE OF ACTION

(Assault and Battery)

21. In response to paragraph 30 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 29 as though fully stated herein.

22. In response to paragraphs 31 and 32 of plaintiffs' complaint, defendants deny each and every allegation.

23. In response to paragraph 33 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## THIRD CAUSE OF ACTION

(False Imprisonment)

24. In response to paragraph 34 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 33 as though fully stated herein.

25. In response to paragraphs 35 and 36 of plaintiffs' complaint, defendants deny each and every allegation.

26. In response to paragraph 37 of plaintiffs' complaint, defendants deny each and every

4

{00054101.DOC/}AIMS 0689
DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

Wilkins, et al. v. County of Alameda, et al.
C 08-0767 SI

1  allegation that plaintiffs are entitled to any and all relief.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

27. In response to paragraph 38 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 37 as though fully stated herein.

28. In response to paragraphs 39 and 40 of plaintiffs' complaint, defendants deny each and every allegation.

29. In response to paragraph 41 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## FIFTH CAUSE OF ACTION

(Negligence)

30. In response to paragraph 42 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 41 as though fully stated herein.

31. In response to paragraph 43 of plaintiffs' complaint, defendants deny each and every allegation.

32. In response to paragraph 44 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## SIXTH CAUSE OF ACTION

(California Civil Code § 51.7)

33. In response to paragraph 45 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 44 as though fully stated herein.

34. In response to paragraphs 46 through 49 of plaintiffs' complaint, defendants deny each and every allegation.

35. In response to paragraph 50 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

///

///

///

## SEVENTH CAUSE OF ACTION

(California Civil Code § 52.1)

36. In response to paragraph 51 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 50 as though fully stated herein.

37. In response to paragraphs 52 through 55 of plaintiffs' complaint, defendants deny each and every allegation.

38. In response to paragraph 56 to plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## EIGHTH CAUSE OF ACTION

(Respondeat Superior)

39. In response to paragraph 57 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 56 as though fully stated herein.

40. In response to paragraphs 58 through 59 of plaintiffs' complaint, defendants deny each and every allegation.

41. In response to paragraph 60 of plaintiffs' complaint, defendants deny each and every allegation that plaintiffs are entitled to any and all relief.

## NINTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

42. In response to paragraph 61 of plaintiffs' complaint, defendants hereby incorporate their answers to paragraphs 1 through 60 as though set fully forth herein.

43. In response to paragraph 62 of plaintiffs' complaint, defendants deny each and every allegation.

44. In response to paragraph 63 of plaintiffs' complaint, defendants lack sufficient information and belief with regard to the allegation that plaintiff Theresa Hollis was present at the scene of the incident at issue and the allegation that plaintiff Hollis witnesses any part of the incident at issue, and on that basis deny these allegations. Defendants deny each and every remaining allegation.

45. In response to paragraphs 64 and 65 of plaintiffs' complaint, defendants deny each and

{00054101.DOC/}AIMS 0689
DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

Wilkins, et al. v. County of Alameda, et al.
C 08-0767 SI

1  every allegation.

2  46. In response to paragraph 66 of plaintiffs' complaint, defendants deny each and every
3  allegation that plaintiffs are entitled to any and all relief.

4  **CLAIM REQUIREMENT**

5  47. In response to paragraph 67 of plaintiffs' complaint, defendants admit that on October 5,
6  2007 the County of Alameda was served with plaintiffs' Fritz Wilkins and Theresa Hollis claims
7  pursuant to FTCA and that said claims were rejected by operation of law on October 17, 2007. Save
8  as so admitted, defendants deny each and every allegation.

9  **PRAYER**

10  48. In response to plaintiffs' prayer for relief, defendants deny that plaintiffs are entitled to
11  any and all relief.

12  **AFFIRMATIVE DEFENSES**

13  As separate and affirmative defenses, defendants allege as follows:

14  1. Defendants allege that because the complaint is couched in conclusory terms, defendants
15  cannot anticipate fully all affirmative defenses that may be applicable in this matter. Accordingly, the
16  right to assert additional affirmative defenses, if and to the extent such affirmative defenses are
17  applicable, is hereby reserved.

18  2. Defendants allege that the complaint fails to state a cause of action upon which relief can
19  be granted.

20  3. Defendants invoke CACI instruction 1304 (Self-Defense/Defense of Others) and 1305
21  (Battery by Peace Officer) as an affirmative defense to the battery cause of action, and all other causes
22  of action.

23  4. Defendants invoke CACI instruction 1605 (Privileged Conduct) as an affirmative
24  defense to the intentional infliction of emotional distress cause of action, and all other causes of action.

25  5. Defendants invoke CACI instruction 1402 (Peace Officer – Probable Cause to Arrest),
26  1403 (False Arrest without Warrant by Private Citizen), 1406 ("Good-Faith" Exception), 1408 (Police
27  Officer's Lawful Authority to Detain), and 1409 (Common Law Right to Detain for Investigation) as
28  affirmative defenses to the false imprisonment causes of action, and all other causes of action.

7

6.    Defendants allege that plaintiffs have not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

7.    Defendants allege that plaintiffs have suffered no actual injury(ies) due to defendants' conduct.

8.    Defendants allege that they are not liable because their conduct was not the proximate cause of harm, if any, to plaintiffs.

9.    Defendants allege that they have absolute immunity and qualified immunity from liability pursuant to the Federal Civil Rights Act because they acted in good faith and held an honest, reasonable belief that their actions were reasonable and necessary.

10.    Defendants allege they are immune from punitive damages pursuant to Government Code § 818 and under the doctrine asserted in *City of Newport v. Fact Concerts*, 453 US 247, 271 (1981). Defendants also invoke the provisions of Civil Code §§ 3294, *et seq.*

11.    Defendants allege that their conduct was lawful and privileged under the so-called "law of justification."

12.    Defendants allege that they acted reasonably and used only such necessary force as was required under the circumstances to protect individuals (including but not limited to plaintiffs) and/or property from wrongful injury by plaintiffs.

13.    At all times mentioned in the complaint, defendants, its agents and employees acted in good faith and without malice and had reasonable cause to believe that such reasonable and necessary force would protect individuals (including but not limited to plaintiffs) and/or property from wrongful injury by plaintiffs.

14.    Defendants allege as an affirmative defense to each cause of action of plaintiffs' complaint that the damages, if any were actually sustained by the plaintiffs, were caused in whole or in part by the willful misconduct of the plaintiffs for which these answering defendants are not liable.

15.    Defendants invoke the privilege of Civil Code §§ 1431, *et seq.*, also known as Proposition 51.

16.    Defendants invoke the provisions of Government Code §§ 810-856.6, 900-985.

17.    Plaintiffs violated California Penal Code §§ 148, 602.1.

8

18. That any and all events and happenings in connection with the allegations contained in plaintiffs' complaint, and the resulting injuries and damages, if any, referred to therein, were caused and contributed to by the negligence or fault of plaintiffs in that plaintiffs or his/her agents were negligent or otherwise at fault in and about the matters and things set forth in the complaint.

19. Defendants allege that the plaintiffs, and each of them, consented to the matters of which they now complain.

20. Plaintiffs have failed to exhaust their administrative remedies.

21. Plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, further, has aggravated their alleged injuries by their failure to use reasonable care. Therefore, plaintiffs may not recover for losses that could have been prevented by reasonable efforts on their own part, or by expenditures that might reasonably have been made. Plaintiffs' recovery, if any, should be reduced by her failure to mitigate their damages.

22. Prior to the event in which the plaintiffs were allegedly injured as a result of defendants' alleged negligence, the plaintiffs, by their own conduct impliedly assumed the risk of a known and appreciated danger, and thus may not recover damages from the defendants for those injuries.

## DEMAND FOR JURY TRIAL

WHEREFORE, these answering defendants make a demand that this matter be tried by and before a jury to the extent provided by law and pray for judgment as follows:

1. That plaintiffs take nothing by their complaint;
2. That these answering defendants be dismissed with costs of suit incurred herein;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

Dated: March 4, 2008

ANDRADA & ASSOCIATES

By _____
CATHERINE E. WHEELER
Attorneys for Defendants COUNTY OF ALAMEDA, DEPUTY LAWRENCE MOSER, SGT. JAMES POWELL, DEPUTY THOMPSON ELLIOT, III, and DEPUTY ERICH MARAPAO

# PROOF OF SERVICE

<u>Wilkins, et al. v. County of Alameda, et al.</u>
USDC, ND Case No. CV-08-0767 SI

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action; that my business address is 180 Grand Avenue, Suite 225, Oakland, California; and that on March 4, 2008, I served a true copy of the foregoing document(s) entitled:

**DEFENDANTS COUNTY OF ALAMEDA, LAWRENCE MOSER, JAMES POWELL, T. ELLIOT, AND E. MARAPAO'S FIRST AMENDED ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Nancy Hersh, Esq.                                **Attorneys for Plaintiffs**
Bethany Caracuzzo, Esq.
Cynthia L. Brown, Esq.
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6396
Tel: (415) 441-5544
Fax: (415) 441-7586

__X__  (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Andrada & Associates.

_____  (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____  (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

_____  (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2008, at Oakland, California.

SHERRY P. ACOSTA

{00054102.DOC/}AIMS 0689
PROOF OF SERVICE

Wilkins, et al. v. County of Alameda, et al.
USDC, ND Case No. C08-0767 SI

1